## THE STATE v. ANDERSON, Appellant.

**Division Two, May 13, 1902.**

**Assault: NO ERRORS: PRACTICE.** No error appearing in the instructions in this case or in the record proper or in the admission of evidence, and the only question being whether the prosecuting witness or the defendant was the aggressor in the difficulty which ended in a shooting, and that being a question of fact for the determination of the jury, and there being substantial evidence to support their finding on that point, the judgment is affirmed.

Appeal from Texas Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*L. B. Shuck* and *Clark Dooley* for appellant.

*Edward C. Crow,* Attorney-General, and *Jerry M. Jeffries* for the State.

(1) It is difficult to determine by the record in this case just where the appellant found fault with the rulings of the trial court. The record seems to be clear of error. (2) The witness, Pat Moore, stated that he heard one of them say to Daugherty, "put him out" (meaning Martin), and stated that he did not know which one it was. It will be noticed defend-

ant's objection comes too late even though it were a meritorious one. It is made after the witness had answered the question, and is not accompanied with a motion to strike out. The answer, however, was immaterial, and the next question was answered without objection. The witness there stated that he thought it was Edward. It is immaterial that witness J. W. Latimire understood the defendant was trying to get a gun. The question is, what did defendant do? Witness stated that he asked for a gun. The act of the defendant was in question, but what the witness supposed was not in issue. (3) The record shows that defendant Edward Anderson was not convicted on this trial. The witness stated that he thought it was Edward who called to the barkeeper to put Martin out. Defendant Walter Anderson was not prejudiced by such an answer and there was no error in such a ruling. The other evidence introduced over the objection of the defendant, and where defendant excepted to the ruling of the court, was immaterial. Likewise, was it immaterial where the court excluded the evidence that he offered on the objection of the State. State v. Hopper, 71 Mo. 425; State v. Howard, 102 Mo. 142; State v. Sanders, 76 Mo. 35.

GANTT, J.—At the May term, 1901, of the circuit court of Texas county, the prosecuting attorney of said county filed an information, verified by his affidavit, wherein he charged defendant Walter Anderson, and Edward Anderson, with a felonious assault with malice aforethought upon John Martin, on March 26, 1901, in Texas county. The said defendants were duly arraigned and pleaded not guilty. At the same term they were put upon their trial and defendant Walter Anderson was found guilty of an assault with intent to kill with malice aforethought, and his punishment assessed at two years imprisonment in the State penitentiary.

There was a mistrial as to Edward Anderson, and the case continued as to him. The defendant Walter Anderson

filed his motion for new trial, which was heard and overruled, and from the sentence imposed in pursuance of the verdict against him, he appeals to this court.

The evidence tended to prove that on March 26, 1901, John Martin and Walter and Edward Anderson were all in the town of Summerville in Texas county. They patronized the saloons liberally on that day, and in the afternoon defendant Walter Anderson became belligerent, and engaged in at least two fist-fights with John Martin, in which nothing serious resulted to either. They were separated and late in the afternoon defendant Walter endeavored to borrow a revolver in the town, but failed, and then started to his house saying he was going to get a gun. After dark that same evening both Walter and Ed Anderson appeared again in the town and went into a saloon where they found John Martin, and again sought a difficulty with him, whereupon the proprietor put them out of the front door, and Martin out of the back door, and put out the lights and closed the saloon. The evidence for the State then shows that as Martin came out of the alley from the rear of the saloon the defendants began to throw rocks at him, and one of them (Walter) fired two shots at him, with a revolver, one of which struck him, and he ran and escaped further injury.

On their part they testified that Martin began to throw rocks at them and they defended themselves.

The court gave the usual instructions covering every phase of the case, and especially very liberal and strong instructions on the law of self-defense. Although this cause was continued at the January call for the purpose of enabling defendant to file a brief, no brief has been filed and no error has been pointed out in either of the instructions.

We have carefully examined all of them and find no error in any of them. The evidence, while to some degree conflicting as to who was the aggressor when the shots were fired, was ample to sustain the charge that defendant began it as soon as

Martin emerged from the alley and that they were watching for him for that purpose.

This was a question of fact to be determined by the jury and they settled it against defendant. The objections to the evidence were either so general that no error could be predicated on their denial, or were so obviously without merit that they furnish no ground for reversal.

The record proper is without error, and the judgment must be and is affirmed.

*Sherwood, P. J.,* concurs.